**\*\* 362 INFORMATION SHEET \*\***

Harold C Rull
DEBTOR

BK-S-09-20161-lbr
BNKR. NO.         MOTION NO.

Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. formerly known as Wachovia Mortgage, FSB, fka World Savings Bank, FSB
MOVANT

CHAPTER: 13

PROPERTY INVOLVED IN THIS MOTION: 7408 Easingwold Drive, Las Vegas, Nevada 89113

NOTICE SERVED ON: DEBTOR(S) _____ ;
DEBTOR'S(S') COUNSEL _____ ; TRUSTEE _____

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st: $285,868.12 | 1st: $ |
| 2nd: $103,755.00 | 2nd: |
| 3rd: | 3rd: |
| 4th: | 4th: |
| Other: | Other: |
| Total Encumbrances: $389,623.12 | Total Encumbrances: $ |
| APPRAISAL or OPINION as to VALUE: $225,000.00 | APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR** | **DEBTOR'S OFFER OF "ADEQUATE PROTECTION" FOR MOVANT** |
| Amount of Note: $243,000.00 | |
| Interest Rate: 6.750% | |
| Duration: 30 years | |
| Payment per Month: $1,348.23 | |
| Date of Default: 11/01/08; 07/01/09 (post-petition) | |
| Amount in Arrears: $8,425.38 (post-petition) | |
| Date of Notice of Default (if recorded): | |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| I hereby certify that an attempt has been made to confer with debtor(s) or debtor(s)' counsel, that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.<br>SUBMITTED BY: /s/ JACQUE A. GRUBER<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>(858) 750-7600<br>NV Bar # 11385 | SUBMITTED BY:<br><br>Signature: |

- 1 -

STEVEN W. PITE (NV Bar #008226)
EDDIE R. JIMENEZ (NV Bar #10376)
JACQUE GRUBER (NV Bar #11385)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

ABRAMS & TANKO, LLLP
MICHELLE L. ABRAMS (NV Bar #005565)
3085 S. Jones Blvd., Suite C
Las Vegas, NV 89146

Attorneys for   Secured Creditor WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FKA WORLD SAVINGS BANK, FSB

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re<br><br>HAROLD C RULL,<br><br>          Debtor(s). | Bankruptcy Case No. BK-S-09-20161-lbr<br>Chapter 13<br><br>WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FKA WORLD SAVINGS BANK, FSB'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY<br>(11 U.S.C. §§ 362, 1301 and Bankruptcy Rule 4001)<br><br>Date: January 27, 2010<br>Time: 10:30 a.m. |
|---|---|

TO THE RESPONDENTS NAMED ABOVE:

Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. formerly known as Wachovia Mortgage, FSB, fka World Savings Bank, FSB ("Movant"), respectfully represents as follows:

/./../

/./../

/./../

- 2 -

# RELIEF FROM STAY - CAUSE

# FAILURE TO MAKE POST-PETITION PAYMENTS

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157, 1334, and 11 United States Code §§ 362 and 1301.

2. On or about June 15, 2009, Harold C Rull ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Rick A. Yarnall is the appointed Chapter 13 Trustee.

3. On or about April 11, 2005, Debtor and Maria Corazon R. Rull (collectively, the "Borrowers"), for valuable consideration, made, executed and delivered to Movant a Note in the principal sum of $243,000.00 (the "Note"). Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments commencing June 1, 2005, and continuing until May 1, 2035, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

4. On or about April 11, 2005, Borrowers made, executed and delivered to Movant a Deed of Trust (the "Deed of Trust") granting Movant a security interest in the certain real property located at 7408 Easingwold Drive, Las Vegas, Nevada 89113 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on April 18, 2005, in the Official Records of Clark County, State of Nevada. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

/././

/././

/././

/././

/././

/././

/././

/././

5. The Debtor is in default of his obligations under the Note for failure to make payments as of November 1, 2008. As of December 7, 2009, the total amount owing under the Note is the approximate sum of $285,868.12, representing the principal balance of $259,569.58, interest in the sum of $20,777.14, escrow advance in the amount of $2,605.93, total fees in the amount of $65.00, late charges in the amount of $700.63, and recoverable balance in the amount of $2,149.84. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

6. Pursuant to 11 United States Code § 1322, and the Debtor's Chapter 13 Plan, the Debtor is obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for July 1, 2009 through and including December 1, 2009. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $8,425.38, consisting of six (6) post-petition payments in the amount of $1,348.23 each, and six (6) late charges in the amount of $56.00 each, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

7. A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case constitutes "cause" for relief from the automatic stay and co-debtor stay pursuant to 11 United States Code §§ 362 and 1301(d)(1). In re Ellis, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). Accordingly, as the Debtor has failed to make post-petition payments under the Note, Movant is entitled to relief from the automatic stay and co-debtor stay pursuant to 11 United States Code §§ 362 and 1301(d)(1).

/././
/././
/././
/././
/././

- 4 -

## RELIEF FROM STAY

## LACK OF EQUITY

8.  Movant is informed and believes that, based on the Debtor's bankruptcy Schedules, the fair market value of the Real Property is no more than $225,000.00. True and correct copies of Debtor's bankruptcy Schedules A and D are collectively attached hereto as exhibit C and incorporated herein by reference.

9.  Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---|
| Fair Market Value: | $225,000.00 |
| Less: | |
| Movant's Trust Deed | $285,868.12 |
| Central Mortgage Co's Trust Deed | $103,755.00 |
| Costs of Sale (8%) | $18,000.00 |
| Equity in the Property: | $<182,623.12> |

As a result, there is no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay and co-debtor stay under 11 United States Code §§ 362 and 1301(d)(2).

10. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

## RELIEF FROM STAY - CAUSE

## ADEQUATE PROTECTION

11. Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

12. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

13. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

14.     By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments as required by 11 United States Code § 1322.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1.     Terminating the automatic stay and co-debtor stay of 11 United States Code §§ 362 and 1301, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2.     That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.     Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4.     Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5.     Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

/././

/././

/././

/././

/././

/././

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

7. That the requirements of Local Rule 9021 be waived; and

8. For such other and further relief as the court deems just and proper.

Dated: December 22, 2009

/s/ JACQUE GRUBER
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
NV Bar #11385
Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FKA WORLD SAVINGS BANK, FSB